**Raymond HUNT, Plaintiff–Appellant,**

v.

**M. RAMIREZ, Correctional Supervisor; Marquez, Defendants–Appellees.**

No. 14–55325.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 21, 2015.*

Filed Jan. 30, 2015.

Raymond Hunt, Calipatria, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Suzanne Antley, Deputy Attorney General, Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: CANBY, GOULD, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Raymond Hunt, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force and retaliation. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Brodheim v. Cry,* 584 F.3d 1262, 1267 (9th Cir.2009), and we affirm.

The district court properly granted summary judgment on Hunt's excessive force claim because Hunt failed to raise a genuine dispute of material fact as to whether defendant Ramirez used more than a de minimis amount of force or that Ramirez acted "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian,* 503 U.S. 1, 6, 9–10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Hunt's retaliation claim

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

becaúse Hunt failed to raise a genuine dispute of material fact as to whether Ramirez was aware that Hunt filed a prison grievance and took adverse action against him because the protected conduct. *See Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir.2005) (elements of a § 1983 retaliation claim in the prison context).

We do not consider evidence not presented to the district court. *See United States v. Elias,* 921 F.2d 870, 874 (9th Cir.1990) ("Documents or facts not presented to the district court are not part of the record on appeal.")

Hunt's motion for appointment of counsel, filed on October 10, 2014, is denied.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.